**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | Case No. 1603002077 |
| | ) | |
| HARMON CAREY, | ) | |
| | ) | |
| Defendant | ) | |

Julia Mayer, Esquire
Deputy Attorney General
820 N. French Street, 7th Floor
Wilmington, DE 19801
*Attorney for the State of Delaware*

Harmon Carey
2018 Silverside Road
Wilmington, DE 19810
*Defendant*

### LETTER OPINION AND ORDER

1.      The defendant, Harmon Carey (hereinafter the "Defendant"), was charged with several violations of Wilmington Ordinances. On June 27, 2017, the Defendant was found guilty in the Justice of the Peace Court No. 20. The Defendant appealed to this Court on July 6, 2017. The State of Delaware filed the instant Motion to Dismiss for lack of subject matter jurisdiction, arguing the Defendant failed to file the instant appeal within the statutory period. The Defendant argues his failure to comply with the deadline was due to Court personnel failing to provide the Defendant with notice of his appeal rights. On August 17, 2017, a hearing was convened on the Motion, with the Court reserving decision. This is the Court's decision and Order on the State's Motion to Dismiss.

2.      The instant appeal is governed by Title 11, Section 5917 of the Delaware Code, which states the "appeal shall be taken and bond given within 5 days from the time of conviction." Pursuant to Court of Common Pleas Criminal Rule 45, the computation of a time

period under seven days excludes weekends and legal holidays. Therefore, the Defendant's appeal must have been filed by close of business on July 5, 2017. However, the appeal was not filed until July 6, 2017.

3. The Defendant argues he should not be held responsible for the delay because the magistrate did not inform him of his appeal rights, he did not receive a written notice of his appeal rights, and because the prosecuting attorney did not mention any appeal rights. The State contends the Defendant should be aware of the deadline for appeals due to his extensive history of similar violations, as well as a prior case in which this Court rejected an untimely appeal filed by the Defendant.[1] In the prior matter, the Defendant raised the same argument, namely, "Justice of the Peace Court No. 20 failed to adequately advise him about the appeals process."[2] The Court presumed the Defendant did not receive the Jurisdictional Form traditionally supplied to defendants to advise them of their appeal rights, yet ultimately concluded the fault belonged solely to the Defendant. The Court reasoned the defendant had "previously been party to convictions of Wilmington City Code violations and signed Jurisdictional Forms in those cases indicating that he understood the 5–day period following sentencing in which to appeal."[3] The Defendant argues he does not remember the prior case and should not be penalized for his lack of recollection.

4. Delaware courts have consistently found *pro se* litigants are required to comply with time limitations for filing appeals, and "[a]bsent a showing that an untimely filing is attributable to court-related personnel, a *pro se* litigant's appeal must fail."[4] Turning to the matter *sub judice*, the Court will presume the Defendant did not receive any notice of his appeal

---

[1] *See State v. Carey*, 2008 WL 11343064 (Del. Com. Pl. Oct. 20, 2008).
[2] *Id.* at *1.
[3] *Id.*
[4] *Id.* at *3.

rights from Court personnel or the State of Delaware. The question, therefore, is whether an absence of such information constitutes fault attributable to court-related personnel.

5. The Superior Court, in reiterating a 1942 opinion from the Delaware Supreme Court, held "even an omission by a clerk does not relieve a self-represented party of its obligation to abide by the statutory requirements to invoke a court's jurisdiction[.]"[5] The relevant case law focuses primarily upon a litigant relying on misinformation from the Court, rather than from lack of information, because the "exception was designed to protect a litigant who relies in good faith on the reasonable instructions of the Court[.]"[6]

6. The critical component for excusing the untimeliness of an appeal is adequate diligence on the part of the Defendant. Here, the Defendant did not act diligently in determining the deadline for his appeal. The deadline for his appeal is set by statute, which is readily available in any law library, and therefore easily discoverable with proper diligence, particularly in light of the Defendant's numerous experiences with proceedings of this nature. Therefore, the Court finds the Defendant did not act diligently in perfecting his appeal and the delay was not attributable to court-related personnel providing incorrect information.

7. **AND NOW**, this 18th day of August, 2017, upon consideration of the State's Motion to Dismiss, and all arguments on the Motion,

8. **IT IS HEREBY ORDERED** that the Motion is **GRANTED**.

**IT IS SO ORDERED**.

The Honorable Carl C. Danberg
Judge

cc: Tina Smith, Judicial Case Manager

---

[5] *Biddles Construction, LLC v. Seeley*, 2016 WL 6126251, at *2 (Del. Super. Oct. 19, 2016).
[6] *Stalana, LLC v. Halmagyi*, 2017 WL 384686, at *4 (Del. Com. Pl. Jan. 27, 2017).

3